COLE v. CITIZENS BANK.

4-7954                                   196 S. W. 2d 589

Opinion delivered October 14, 1946.

464

J. A. *Worsham* and *John B. Gulley*, for appellant.

*Hays, Wait & Williams*, for appellee.

SMITH, J. This suit was filed by the Citizens Bank of Pottsville to reform and foreclose a mortgage alleged to have been executed to it on June 12, 1934, by Minnie Bowden to secure a debt of $2,000 due the bank by Mrs. Bowden, evidenced by ten promissory notes signed by Mrs. Bowden, each of them for the sum of $200, and payable one each year from November 15, 1935, to and including November 15, 1944.

It was the theory of the bank that the mortgage sought to be reformed and foreclosed was a renewal of a former mortgage to the bank by Mrs. Bowden, now Mrs. Cole, executed in 1930, which correctly described three tracts of land amounting in all to eighty acres. One of these tracts was described in the original mortgage as, "southwest quarter of southeast quarter of section 33, township 8 north, range 19 west, containing 40 acres." The descriptions in the second mortgage were the same as those of the first mortgage except that the second mortgage described the tract of land as "southwest quarter of southwest quarter of southeast quarter, section 33, township 8 north, range 19 west, containing 40 acres."

Mrs. Cole was unmarried when she executed the admitted mortgage in 1930, and she married James D. Cole, September 16, 1941, a date subsequent to the date of the alleged renewal. The court granted the relief prayed, reformed the second mortgage, and ordered its

foreclosure, and properly held that the deed to Mr. Cole from his wife, which she had given him, was subject to this mortgage. This appeal is from that decree.

The only testimony offered was that of G. C. Owens, the cashier of the plaintiff bank, and Mrs. Cole and her husband, together with numerous exhibits, and there is presented on this appeal only two questions, both questions of fact: first, did Mrs. Cole execute the renewal mortgage, and, second, was she allowed all the credits of payments to which she was entitled?

. Owens testified as follows: Mrs. Cole is his wife's sister. He is now, and for the past sixteen years has been, cashier of the plaintiff bank. Mrs. Cole was indebted to the bank in the sum of $2,000, evidenced by five notes for $400 each, all bearing interest at the rate of 8 per cent., and to secure the payment of this indebtedness she executed the mortgage which was offered in evidence, and which described three tracts of land, one of these being described as southwest quarter, southeast quarter, section 33, township 8 south, range 19 west. Mrs. Cole was unable to pay this debt, and he agreed with her to renew and extend it, and to reduce the interest rate from 8 per cent. to 4 per cent., and pursuant to this agreement she executed ten notes to the bank, each for $200, one payable each year, and all dated June 12, 1934, bearing interest at the rate of 4 per cent. These notes were all offered in evidence, and were aparently signed by Minnie Bowden. In addition to this indebtedness, Mrs. Cole was indebted to the bank in the sum of $1,017, evidenced by a plain unsecured note which bore interest at 10 per cent. None of the $400 notes was paid, and the bank wanted paper which was not past due, and the original notes were surrendered to Mrs. Cole when new notes were taken. Mrs. Cole has not acquired or sold any land since the first mortgage was given. Witness prepared the new mortgage and intended to copy the same description, and it was the intention of the bank to take, and of Mrs. Cole to give, the same security in the second mortgage which had been given in the first, but a mistake was made in copying the description.

This second mortgage was made an exhibit to the complaint and was offered in evidence, but does not appear in the transcript. The ten notes which it secured were all offered in evidence, and the originals are in the transcript.

During the trial Mrs. Cole signed her name six times on a slip of paper, and these signatures are in the record. The chancellor had the opportunity we do not have of comparing the genuine signatures with the signature appearing on the mortgage, which is not in the record. We are unable to say that the chancellor's finding that Mrs. Cole signed the mortgage is contrary to a preponderance of the evidence.

With this finding, which we affirm, that Mrs. Cole did sign the mortgage, other questions are made easier. It is entirely reasonable to find that if Mrs. Cole was renewing the mortgage, she intended to describe the same land described in the first mortgage. It would not be a renewal if this were not true, and it would be unreasonable to hold that the bank was voluntarily releasing thirty acres of land from the mortgage which it already had, and which was in full force and effect when the second mortgage was given. But notwithstanding the first description, southwest quarter was repeated, the tract is further described as "containing 40 acres," which would not be true if the description southwest quarter is repeated.

We conclude the chancellor did not err in finding that the repetition of the description southwest quarter was an error of the scrivener in copying the descriptions appearing in the first mortgage, and that the descriptions employed in the second mortgage did not reflect the intention of either party.

No useful purpose would be served in reciting the conflicting testimony as to payments which were made. These resulted in discharging the note for $1,017.

It is urged that the court should have required the bank to produce its books in use during the many years the transactions between the parties covered, but we

think Mrs. Cole did not prove any payment for which she was not given credit.

Judgment was rendered for $2,267.40, which sum includes the face of the ten notes, and the interest thereon, less credits of certain payments, and in addition covered certain taxes and insurance paid by the bank. The inclusion of these items of taxes and insurance was proper. The mortgage required the mortgagor to keep the property insured, with a loss payable clause in favor of the mortgagee bank, with the provision that "in case of default of any premium, same can be paid by Citizens Bank (the plaintiff) and to become a part of the mortgage." Payment of taxes was necessary, of course, to protect the security, and the sum so paid was properly included in the amount for which judgment was rendered.

The contention of appellant that usury was charged is not sustained by the testimony. The statement that usury was charged is based upon the contention that the notes provided that they should bear interest at the rate of 4 per cent. per annum from date due until paid. But the mortgage itself provided that the notes should bear interest at the rate of 4 per cent. per annum, payable annually. However, these notes matured one each year beginning November 15, 1935, so that in no event could it be said that usury was charged. Certainly there was no contract the performance of which would have resulted in the exaction of usurious interest.

No error appearing, the decree must be affirmed, and it is so ordered.